UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOELLE MAYES and TARRAY GIBBS,<br><br>                     Plaintiffs,<br><br>  v.<br><br>WOMEN'S HEALTH CENTER OF SHELTON CONNECTICUT,<br>DR. MICHAEL O'REILY, DR. XIAOLAN FEI,<br>DR. REGINA FITZGERALD, and<br>DR. LEALANI RODRIGUEZ,<br><br>                     Defendants. | Civil Action No. 3:20-cv-1666<br><br>MARCH 22, 2021 |

**RULING AND ORDER ON SUBJECT MATTER JURISDICTION**

**HAIGHT, Senior District Judge:**

On November 4, 2020, Plaintiffs Noelle Mayes ("Mayes") and Tarray Gibbs (collectively with Mayes, "Plaintiffs"), proceeding *pro se*, filed this action against Defendant Women's Health Center of Shelton Connecticut ("Women's Health Center"), as well as Defendants Dr. Michael O'Reily, Dr. Xiaolan Fei, Dr. Regina Fitzgerald, and Dr. Lealani Rodriguez (the "Doctors," and collectively with Women's Health Center, "Defendants"). *See* Compl. at 1–2 [Doc. 1]. Plaintiffs allege that in November 2018, while Mayes neared the end of a pregnancy, Mayes was subjected to drug testing for marijuana without her consent. *Id.* at 3.

Plaintiffs state that Mayes learned about the drug tests when she was admitted to Griffin Hospital in Derby, Connecticut for a scheduled delivery. *Id.* The drug tests allegedly were ordered by doctors at Women's Health Center, where Mayes had been a patient. *Id.* Although Plaintiffs allege that Mayes maintained that she had not used drugs during her pregnancy, her son was tested for drugs at birth. *Id.* at 3–4. Even after the child tested negative for the presence of

any drugs, the Connecticut Department of Children and Families ("DCF")[1] was contacted by a nurse at Griffin Hospital, beginning a process that resulted in DCF filing a neglect petition against Plaintiffs. *Id.* at 4. Plaintiffs state that they "beat DCF in a trial" in May 2019, allowing them to retain custody of their son, but that in the interim they were subject to harassing and defamatory conduct by DCF employees. *Id.* at 5–6.

Plaintiffs allege that, while the child neglect proceedings were ongoing, they contacted Women's Health Center multiple times to discuss the drug tests performed on Mayes, expressing "serious concerns on why any abnormal results were not discussed with Mrs. Mayes and why a drug test was given with no noted concerns or informed consent." *Id.* at 4–5. Plaintiffs claim that Women's Health Center has not responded to Plaintiffs' questions and concerns. *Id.* at 5.

Plaintiffs' Complaint alleges three causes of action under state and/or common law: for "discrimination for drug testing without informed consent of any documented medical reason"; "deviation from the standard of care"; and "infliction of emotional distress." *Id.* at 6–7. Plaintiffs plead these claims separately, with each claim preceded by a sub-caption reciting that the claim is asserted against the Doctors. *Id.* In addition, Women's Health Center is listed as a party Defendant in the main caption to the Complaint and is referred to throughout the pleading. *See generally* Compl. The Court accordingly construes the Complaint as asserting these claims against Women's Health Center as well.[2]

Plaintiffs represent that this Court has jurisdiction over their claims pursuant to 28 U.S.C. § 1332, because "complete diversity exists and the matter in controversy exceeds $75,000." *Id.*

---

[1] Plaintiffs refer to this entity as "Department of Children and Family Services." Compl. at 4.

[2] For example, Plaintiffs' third cause of action, for "infliction of emotional distress" is ostensibly directed at the Doctors, but Plaintiffs also assert that "Noelle Mayes and Tarray Gibbs have pages of documented stressful evidence that stemmed directly from Women's Health Center of Shelton's direct actions," and "The Plaintiff's quality of life has drastically been affected because of the Women's Health Center's direct actions." Compl. at 7.

at 2. Plaintiffs state that they are citizens and residents of Connecticut, *id.*, and their pleading reflects an address in the town of Branford, *id.* at 1, 8. With respect to the individual Defendants, Plaintiffs allege only that the Doctors "were all employed at [Women's Health Center]." *Id.* at 2. Plaintiffs do not allege the citizenship of any of the Doctors. As for Defendant World Health Center, Plaintiffs do not allege whether this entity is a corporation, and if so, its state of incorporation and principal place of business.

**Subject Matter Jurisdiction**

At the inception of a case, a federal District Court is required to consider whether the case falls within the court's subject matter jurisdiction. Federal District Courts, such as this Court, are courts of *limited* subject matter jurisdiction, able to hear and rule upon only those types of cases to which the federal Constitution extends the judicial power of the United States, and of which Congress has granted the District Courts jurisdiction. 13 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3522 (3d ed. 2020). This stands in contrast to many state courts, including Connecticut Superior Courts, which as courts of *general* jurisdiction are presumed to be able to hear all causes of action, except those where their jurisdiction evidently has been removed. *See, e.g.*, *Raftopol v. Ramey*, 299 Conn. 681, 695, 12 A.3d 783, 792 (2011) ("Where a decision as to whether [a Superior Court] has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. . . . [T]he general rule of jurisdiction . . . is that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so.") (citations and internal quotation marks omitted). Jurisdiction based on diversity of citizenship is one of the few permissible bases on which cases may proceed in this Court, allowing the Court to hear "all civil actions where there is diversity of

citizenship [among the parties] and the amount-in-controversy requirement is satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340 (2d Cir. 2006).

As relevant here, while the federal Constitution contemplates a rule of minimal diversity of citizenship among plaintiffs and defendants in an action, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967), Congress's statutory grant of diversity jurisdiction to the federal district courts is narrow. This statutory grant of diversity jurisdiction, in 28 U.S.C. § 1332, requires *complete* diversity of citizenship among parties. *Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020); *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) ("Complete diversity requires that 'all plaintiffs . . . be citizens of states diverse from those of all defendants.'") (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014)); *St. Paul Fire & Marine Ins. Co. v. Univ. Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("It is well established that for a case to fit within this section, there must be 'complete' diversity. . . . Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citations omitted).

In the case of a natural person, citizenship is determined by the person's domicile at the time of the filing of the complaint. *Van Buskirk*, 935 F.3d at 53 (citing *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) and *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *see also Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of *residency* alone cannot establish citizenship.") (emphasis added) (*citing Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

In the case of a corporation, the corporation's citizenship is determined by its places of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*,

4

559 U.S. 77, 92–93 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters.").

In the case of an unincorporated entity, such as a partnership, association, or limited liability company, the entity is a citizen of each state of which each of its partners or members is a citizen. *See, e.g.*, *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharms., Inc.*, 943 F. 3d 613, 615 (2d Cir. 2019) ("For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners."); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company takes the citizenship of each of its members.").

"It is well-settled that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019) (quoting *Advani Enter. Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)). This burden exists even at the pleading stage: a plaintiff who has filed suit with the Court claiming that diversity jurisdiction exists must allege sufficient facts such that the Court's exercise of jurisdiction is proper on its face. *See Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 121 (D. Con. 2020) ("The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.") (internal quotation marks and emendation omitted) (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 547

F.3d 167, 170 (2d Cir. 2008)); *see also Komondy v. Gioco*, 59 F. Supp. 3d 469, 474 (D. Conn. 2014).

The Court's lack of subject matter jurisdiction over an action is a non-waivable defect, and it can be raised at any time, including by the Court on its own accord. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002) and *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When reviewing a matter for the existence (or lack) of subject matter jurisdiction, "courts may consider evidence, such as affidavits, of the facts on which jurisdiction rests." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013) (citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)). In conducting its review, the Court is obligated to construe pleadings of *pro se* litigants liberally and interpret them as raising the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) ("As the Supreme Court has made clear, 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also, e.g.*, *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

**The Complaint in This Action**

In the present case, Plaintiffs invoke only diversity of citizenship as the basis for the Court's subject matter jurisdiction. As all of Plaintiffs' claims arise out of state and/or common law, there is no other basis for federal jurisdiction. *See, e.g.*, *Homesite Ins. Co. v. Triangle Tube/Phase III Co., Inc.*, No. 3:16-CV-650 (CSH), 2016 WL 6471430, at *2 (D. Conn. Oct. 31, 2016) ("[G]iven the fact that Plaintiffs have included solely a state law claim in their Complaint, there is no arguable basis upon which the Court may assert 'federal question' subject matter jurisdiction over this action, 28 U.S.C. § 1331."). The problem is that Plaintiffs' Complaint—even when read liberally—does not adequately allege facts sufficient to demonstrate that complete diversity of citizenship between the Parties exists.

The Court is satisfied that Plaintiffs have adequately pleaded their own citizenship: although they identify themselves as "residents" of Connecticut, Compl. at 2, they describe Branford, CT as "their town," *id.* at 5, and give a Branford street address, *id.* at 1, 8. These assertions are adequate at this stage of litigation to establish that Branford is their place of domicile, and consequently that Connecticut is their state of citizenship. *See Van Buskirk*, 935 F.3d at 53 ("'An individual's citizenship . . . is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'") (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).

With respect to the Doctors, Plaintiffs' allegations of citizenship are entirely deficient. Plaintiffs allege only that the Doctors were employed at Women's Health Center. Compl. at 2. For the purposes of establishing diversity of citizenship, Plaintiffs' allegations regarding the Doctors are irrelevant: a person's place of employment has no bearing on the place of his or her

domicile, or state of citizenship. Therefore, there are no allegations supporting the conclusion that diversity of citizenship between the Doctors and Plaintiffs is satisfied. Moreover, if even one of these four Doctors is a Connecticut citizen, jurisdiction based on diversity cannot exist, since that diversity must be complete, as between the Plaintiffs on one hand and Defendants on the other.

With respect to Defendant Women's Health Center, Plaintiffs have pleaded no facts regarding this entity's corporate status (if any) or its citizenship. The Complaint limits itself to describing Women's Health Center as the employer of the Doctors. If this entity is in fact a corporation, for diversity purposes it is a citizen of its state of incorporation and the state (even if different) where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). If, as I have concluded, Plaintiffs' Complaint must be read to assert claims against Women's Health Center, the Complaint does not adequately allege a diversity of citizenship between Plaintiffs and Women's Health Center.

Moreover, another submission by Plaintiffs suggests that complete diversity may *not* exist in this action as to Women's Health Center, thereby precluding subject matter jurisdiction based on complete diversity. Plaintiffs have submitted a collection of documents, docketed as an "Acknowledgement of Service" [Doc. 5], which contains (among other items) a set of Certified Mail receipts. *See* Doc. 5 at 5. One of these receipts is addressed to Women's Health Center and reflects a mailing address located at 4 Corporate Drive #484, Shelton, CT 06484. *Id.* In light of the totality of the facts alleged in Plaintiffs' Complaint, it seems likely that this address represents Women's Health Center's principal place of business, which makes Women's Health Center (if a corporation) a citizen of Connecticut.

**Conclusion**

The failure of the Plaintiffs to allege facts sufficient to demonstrate complete diversity of citizenship between themselves and the named Defendants requires the Court to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This dismissal of Plaintiff's Complaint will be without prejudice, because this federal Court, lacking subject matter jurisdiction, does not reach the merits of Plaintiffs' state and/or common law claims against these Defendants. *See JetBlue Airways Corp. v. CopyTele Inc.,* 629 F. App'x. 44, 45–46 (2d Cir. 2015) ("'Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.'") (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir.1999)). If inclined to do so, Plaintiffs may assert those claims against Defendants in a Connecticut state court of competent jurisdiction.

The Court is mindful that "A failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). By statute, Plaintiffs are entitled to have an opportunity to cure the defective jurisdictional allegations identified by this Court, where the factual circumstances that existed at the time of the Complaint's filing would permit such correction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 408 (S.D.N.Y. 2016) ("[I]f a complaint does not adequately allege the grounds for subject matter jurisdiction, but the unpleaded reality supports the exercise of jurisdiction, 'a federal court may simply allow a complaint to be amended to assert those necessary facts and then treat diversity jurisdiction as having existed from the beginning.'") (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001)). Accordingly, Plaintiffs are granted leave to file an amended complaint,

provided that they have knowledge sufficient to allow them to allege the existence of complete diversity of citizenship among the Parties, and that complete diversity indeed *is* alleged in the amended complaint. The Court nevertheless notes that Plaintiffs' prospects of successfully amending their complaint seem remote, given the fact that the Connecticut citizenship of just one of the Doctors, or of Women's Health Center, would preclude this Court from exercising subject matter jurisdiction.

Thus, for the foregoing reasons, the Court makes this Order:

1. Plaintiffs' Complaint against the Defendants is DISMISSED WITHOUT PREJUDICE, for this Court's lack of subject matter jurisdiction.

2. The Court GRANTS LEAVE to Plaintiffs, if so advised, to file an Amended Complaint consistent with this Ruling, on or before **April 23, 2021**.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         March 22, 2021

                                              *s/ Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge