UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOELLE MAYES and TARRAY GIBBS,<br><br>Plaintiffs,<br><br>v.<br><br>WOMEN'S HEALTH CENTER OF SHELTON CONNECTICUT, DR. MICHAEL O'REILY, DR. XIAOLAN FEI, DR. REGINA FITZGERALD, and DR. LEALANI RODRIGUEZ,<br><br>Defendants. | Civil Action No. 3:20-cv-1666 (CSH)<br><br>AUGUST 26, 2021 |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO
AMEND THEIR COMPLAINT AND DEFENDANTS' MOTION TO DISMISS**

**HAIGHT, Senior District Judge:**

Plaintiffs Noelle Mayes ("Mayes") and Tarray Gibbs (collectively with Mayes, "Plaintiffs"), proceeding *pro se*, filed this action in November 2020 against Defendants Dr. Michael O'Reily, Dr. Xiaolan Fei, Dr. Regina Fitzgerald, and Dr. Lealani Rodriguez (the "Doctors"), as well as Defendant Women's Health Center of Shelton Connecticut ("Women's Health Center," and collectively with the Doctors, "Defendants"). *See generally* Doc. 1 ("Compl."). Plaintiffs alleged in their Complaint that while Mayes neared the end of a pregnancy in November 2018, Mayes was subjected to drug testing for marijuana without her consent, which eventually resulted in a child neglect proceeding involving Connecticut's Department of Children and Families. *Id.* at 3–6. Plaintiffs asserted three causes of action under state and/or common law: for "discrimination for drug testing without informed consent of any documented medical reason"; "deviation from the standard of care"; and "infliction of emotional distress." *Id.* at 6–7. Plaintiffs

represented that this Court had jurisdiction pursuant to 28 U.S.C. § 1332, because "complete diversity exists and the matter in controversy exceeds $75,000." *Id.* at 2.

Upon *sua sponte* review of Plaintiffs' factual allegations and claims, the Court entered an opinion and order dismissing the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(h)(3), having concluded that "Plaintiffs' Complaint—even when read liberally—does not adequately allege facts sufficient to demonstrate that complete diversity of citizenship between the Parties exists." 2021 WL 1105287, at *4 (D. Conn. Mar. 22, 2021). The Court further noted that Plaintiffs had filed a collection of documents, docketed as an "Acknowledgement of Service," which suggested that Women's Health Center may be a citizen of Connecticut if it is organized as a corporation. *Id.* However, in view of Plaintiffs' statutory entitlement to cure defective jurisdictional allegations, *see* 28 U.S.C. § 1653, the Court "granted leave to file an amended complaint, provided that [Plaintiffs] have knowledge sufficient to allow them to allege the existence of complete diversity of citizenship among the Parties, and that complete diversity indeed *is* alleged in the amended complaint." *Id.* at 5. Plaintiffs' amended complaint addressing the deficient jurisdictional allegations was due not later than April 23, 2021. *Id.*

Rather than filing an amended complaint addressing the citizenship of the Parties, as permitted by the Court, on April 23, 2021 Plaintiffs moved pursuant to Federal Rule 15(a) to amend the Complaint in different fashion.[1] *See* Doc. 7. In their proposed amended complaint (the "Proposed Amended Complaint"), filed concurrently with Plaintiffs' motion, Plaintiffs again assert three causes of action against Defendants, but this time one cause of action ostensibly is federal in nature. Specifically, Plaintiffs claim that the Doctors violated Mayes's Fourth

---

[1] Plaintiffs additionally have cited Rule 20 as a basis for their motion. Rule 20 permits the addition of new plaintiffs or defendants to an action provided certain preconditions in respect of legal rights and common facts or legal issues are met. *See generally* Fed. R. Civ. P. 20(a)(1)–(2). Plaintiffs' proposed amended complaint includes neither new proposed plaintiffs nor new proposed defendants, thus making Rule 20 inapplicable to the Court's analysis herein.

2

Amendment rights by administering drug testing without Mayes's consent or for any documented medical reason.  Doc. 7-1 ("PAC") ¶¶ 1, 28–31.[2]  Plaintiffs assert that this Court has subject matter jurisdiction over the Fourth Amendment claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the Court may exercise supplemental jurisdiction over the two state and/or common law claims pursuant to 28 U.S.C. § 1367.  *Id.* ¶¶ 2–3.[3]

Federal Rule 15 provides that, once the period for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The standard to be applied is a liberal one, with the Supreme Court having instructed that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  That the Rule 15(a)(2) standard is generous does not mean that a court is required to permit every proposed amendment, however.  For example, "[w]hen the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."  *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Shallow v. Scofield*, No. 11 CIV. 6028 JMF, 2012 WL 4327388, at *6 (S.D.N.Y. Sept. 21, 2012) ("An amendment is 'futile' when it could not withstand a motion to dismiss under Rule 12(b)(6)."

---

[2] As in Plaintiffs' original Complaint, this claim—and the state and/or common law claims brought alongside it—is accompanied by a sub-caption reciting that the claim is asserted against the Doctors, with no mention of Women's Health Center, notwithstanding Women's Health Center's being a named defendant.  *See* PAC ¶¶ 28–39.  The Court again shall construe all claims as being brought against Women's Health Center in addition to the Doctors.  *See* 2021 WL 1105287, at *1.

[3] As in the original Complaint, Plaintiffs' state and/or common law claims are for "deviation from the standard of care" and for "infliction of emotional distress."  PAC ¶¶ 32–39.

3

(citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012))).  Ultimately, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks and citations omitted).

Giving Plaintiffs' Proposed Amended Complaint the liberal construction it is due in view of Plaintiffs' *pro se* status, it appears that Plaintiffs intend to bring their Fourth Amendment claim pursuant to 42 U.S.C. § 1983.[4]  *See* PAC ¶ 2.  "Section 1983 does not itself create substantive rights; [rather,] it offers 'a method for vindicating federal rights elsewhere conferred.'" *Jones v. Nickens*, 961 F. Supp. 2d 475, 483 (E.D.N.Y. 2013) (quoting *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)).  The class of persons subject to Section 1983 liability is restricted: a defendant must have acted "under color of state law" when the defendant "deprive[d] a person of any rights, privileges, or immunities secured by the Constitution of the United States." *Estiverne v. Esernio-Jenssen*, 833 F. Supp. 2d 356, 367 (E.D.N.Y. 2011) (quoting *K & A Radiologic Tech. Servs., Inc. v. Comm'r of the Dep't of Health*, 189 F.3d 273, 280 (2d Cir. 1999)); *see also Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.'" (quoting *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012))).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

---

[4] The statute provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

4

In light of the foregoing, "Section 1983 thus generally applies to public officers, not private citizens. However, in certain circumstances, private actors *can* be considered to have acted 'under color of state law.'" *Kurtz v. Hansell*, No. 20 Civ. 3401 (PAE), 2021 WL 1143619, at *9 (S.D.N.Y. Mar. 24, 2021) (emphasis added) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)). The Second Circuit has explained that for a private actor to be treated as a state actor—and thus possibly subject to liability under Section 1983—a plaintiff must allege that:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) . . . the entity "has been delegated a public function by the [s]tate," ("the public function test").

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant*, 691 F.3d at 207 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)); *see also Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) ("For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. The purpose of the close-nexus requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." (internal quotation marks and citations omitted)).

Upon review of Plaintiffs' submission, it is clear that the Proposed Amended Complaint fails to state a viable cause of action pursuant to Section 1983, because the Proposed Amended

Complaint does not sufficiently allege that Defendants acted under color of state law. The Proposed Amended Complaint contains no factual allegations from which the Court plausibly can infer that Defendants' actions fairly may be attributed to the State of Connecticut (or another governmental entity) under any of the three tests noted above. Indeed, the Proposed Amended Complaint contains no allegations from which the Court can infer *any* relationship between Defendants and the State of Connecticut (or another governmental entity), at any time. Plaintiffs' Proposed Amended Complaint at most reflects that the marijuana tests to which Mayes allegedly was subjected may have been administered for treatment purposes, although Plaintiffs allege that the Doctors offered no overt treatment to Mayes after having administered the tests. *See* PAC ¶ 21 ("[T]he tests that were given clearly states [*sic*] on the bottom of results paper [*sic*] were for treatment purposes only and [Mayes] was concerned why she wasn't even offered any treatment if they were truly accurate."). In light of Plaintiffs' failure to allege facts from which the Court can infer a plausible nexus between Defendants' actions and a governmental entity, Plaintiffs' Fourth Amendment claim would be futile if it were to proceed: the Fourth Amendment claim could not withstand a motion to dismiss by Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Court will not permit the proposed amendment of Plaintiffs' pleading to bring the Fourth Amendment claim.

Moreover, based on its review of the Proposed Amended Complaint, the Court infers that Plaintiffs purported Fourth Amendment claim is stated solely in an attempt to plead around the incomplete diversity problem identified by the Court in its initial order and thereby invoke this Court's jurisdiction. In their original Complaint, Plaintiffs' first cause of action was captioned "Discrimination For Drug Testing Without Informed Consent Of Any Documented Medical Reason," and Plaintiffs claimed:

> 25. Plaintiff [*sic*] hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.
>
> 26. The individual Defendants to this claim, at all times relevant hereto, were acting as employees under the Women's Health Center of Shelton Connecticut.
>
> 27. The pleader Noelle Mayes is entitled to relief in this complaint because she was discriminated on [*sic*] by the Women's Health Center of Shelton Connecticut. This center does not have a policy to drug test all pregnant women, there is also no documentation in her chart that warranted a drug test.
>
> 28. Noelle Mayes, the Plaintiff demands monetary compensation in the amount of $550,000 for this discrimination. The Plaintiff's quality of life and faith in doctors was affected. She went through months of harassment and stress behind [*sic*] the Center and their Doctors [*sic*] actions.

Compl. at 6. Meanwhile, in the Proposed Amended Complaint, the first cause of action is captioned "Discriminatio[n] For Drug Testing With [*sic*] Informed Consent Of Any Documented Medical Reason In Violation of 4th Amendment," and Plaintiffs claim:

> 28. Plaintiff [*sic*] hereby incorporates all other paragraphs of this Complaint as if fill [*sic*] set forth herein.
>
> 29. The individual Defendants to this claim, at all times relevant hereto, was [*sic*] acting as employees under the Women's Health Center of Shelton Connecticut[.]
>
> 30. The pleader Noelle Mayes is entitled to relief in this complaint because she was discriminated on [*sic*] by the Women's Health Center of Shelton Connecticut. This center does not have a policy to drug test all pregnant women, there is also no documentation in her chart that warranted a drug test.
>
> 31. Noelle Mayes, the Plaintiff demands monetary compensation in the amount of $550,000 for this discrimination. The Plaintiff's quality of life and faith in doctors was affected. She went through months of harassment and stress behind [*sic*] the Center and their Doctors [*sic*] actions.

PAC at 6.

Although federal District Courts generally should hear cases bringing federal causes of action, they need not do so where a federal cause of action is stated only to manufacture jurisdiction. *See Spencer v. Casavilla*, 903 F.2d 171, 173 (2d Cir. 1990) ("Little is needed for a plaintiff to assert a claim sufficient to give the federal court jurisdiction. Where the complaint 'is so drawn as to seek recovery directly under the Constitution or laws of the United States,' the district court must entertain the suit *unless* the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" (emphasis added) (quoting *Bell v. Hood*, 327 U.S. 678, 681, 682–83 (1946)). Based on a comparison of the Proposed Amended Complaint and Plaintiffs' original Complaint, the Court has no doubt that this exception is met here. But for the change to the caption, invoking the Fourth Amendment, the first cause of action in the Proposed Amended Complaint is *identical* to the first cause of action in Plaintiffs' original Complaint. Furthermore, the factual allegations of the original Complaint and the Proposed Amended Complaint, which underly the claims and are incorporated in them by reference, also are substantially the same across the two documents and (as noted above) include no facts related to any possible relationship between Defendants and a government entity. Even though Plaintiffs, as *pro se* litigants, are not expected to be as skillful in drafting pleadings as licensed attorneys are, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court cannot ignore the context in which the present pleadings have been drafted— namely, on the heels of the Court's prior opinion and order portending dismissal for lack of subject matter jurisdiction. Regardless of Plaintiffs' evident desire for federal forum to pursue monetary relief from Defendants, Plaintiffs appear to have made no attempt to identify a substantive federal right that has been infringed, and to set forth facts in support thereof, following the Court's prior order. Nor, indeed, have Plaintiffs shown that their first-asserted basis for jurisdiction (diversity,

pursuant to 28 U.S.C. § 1332) exists. Without having asserted a colorable federal right, and without complete diversity of citizenship between Plaintiffs and Defendants, this Court cannot exercise jurisdiction over this matter.

Accordingly, Plaintiffs' motion to amend their complaint is DENIED. The Court finds that Plaintiffs' Proposed Amended Complaint pleads a cause of action that is legally futile, and the Court concludes that Plaintiffs have done so for the apparent purpose of manufacturing a basis for this Court to retain jurisdiction. The Proposed Amended Complaint additionally fails to cure the jurisdictional defects of which Plaintiffs previously have been apprised.

Having failed to state a viable or non-frivolous federal cause of action, and having failed to plead a viable basis for diversity jurisdiction, Plaintiffs' claims are DISMISSED. This dismissal is WITHOUT PREJUDICE to Plaintiffs' ability to file their state and/or common law claims in a Connecticut state court of competent jurisdiction. Lacking jurisdiction over this matter, and having dismissed Plaintiffs' claims, the Court furthermore DENIES AS MOOT Defendants' motion to dismiss, Doc. 9. The Clerk is directed to close the file and terminate these proceedings.

It is SO ORDERED.

Dated: New Haven, CT
       August 26, 2021

                                                 *s/ Charles S. Haight, Jr.*
                                                 CHARLES S. HAIGHT, JR.
                                                 Senior United States District Judge